IN THE U.S. DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Deborah Gaske,** *et al.* | * | |
| **Plaintiffs** | * | |
| v. | * | Case No. 18-cv-03817-JMC |
| **River Run Development Associates, LLC,** *et al.* | * | |
| | * | |
| **Defendants** | | |
| _____ / | | |

## JOINT MOTION FOR APPROVAL OF
## FLSA SETTLEMENT AGREEMENT

Plaintiffs, Deborah Gaske, Jean Hancock, Marcy Kerin-Mikell, and Tara Scarlavai (collectively, the "Plaintiffs"), together with Defendants River Run Development Associates, LLC ("River Run"), The Players Club, LLC ("Players Club"), and Lewis S. Meltzer ("Meltzer") (collectively, the "Defendants"), jointly move this Court for an Order granting an approval of a Settlement Agreement reached in this Fair Labor Standards Act ("FLSA") action.[1]

In support of the foregoing, the parties submit the following:

1. The Parties conducted a full exchange of information, including payroll records, prior to engaging in settlement discussions.

2. The settlement agreement (Exh. 1) was reached in mediation before Magistrate Judge J. Mark Coulson on September 18, 2019. Each side was capably represented by

---

[1] Plaintiffs also brought supplemental claims under the Maryland Wage/Hour Law, Md. Ann. Code § 3-401 et seq. ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Ann. Code § 3-501 et seq. ("MWPCL"). As discussed in ¶ 7, *infra*, there is a requirement that FLSA settlements be supervised by the Court or by the U.S. Department of Labor. However, there is no corresponding requirement that settlements for MWHL or MWPCL be judicially approved. Therefore, the focus on this Motion is on the FLSA claims brought by the Plaintiffs, as that claim is the only claim that requires judicial approval.

experienced counsel.

3.      The settlement agreement is reasonable and fair, considering the facts and issues in controversy.  The Court is fully aware of the factual and legal issues, having presided over the settlement negotiations.

4.      Additionally, the Court received detailed billing statements from Plaintiff's counsel and reviewed same prior to the Parties entering this settlement agreement.

5.      There remains the additional issue of the maintenance of continuing jurisdiction over this case to supervise the settlement payments.

6.      With respect to the issue of continuing jurisdiction, the parties have agreed to request that the Court maintain continuing jurisdiction over this case to supervise the settlement payments.  This provision fulfills the Court's proper supervisory role in assuring that no FLSA case is dismissed absent fair and reasonable wage payment to plaintiff workers.  The parties bring to the Court the following paragraph set forth in the Settlement Agreement:

> 16. CONTINUING JURISDICTION.  The Parties agree, and the Court by its approval of this Agreement agrees, that the Court shall have continuing jurisdiction to enforce the terms of this Agreement, resolve any disputes arising out of the Agreement, and supervise all payments by the Defendants of all consideration to the Plaintiffs and Plaintiffs' counsel.  Within fifteen (15) days after the last payment made to Plaintiffs and Plaintiffs' counsel by Defendants, the Parties agree to file a Notice of Stipulated Dismissal with the Court, dismissing this Lawsuit against the Defendants with prejudice.  The Parties further agree to execute and/or have executed by their respective counsel, any such additional documents as may be reasonably necessary to effectuate the dismissal with prejudice of this Lawsuit against the Defendants.

By approving this Settlement Agreement, the Court is agreeing to maintain continuing jurisdiction over this case, and once final payment is made, counsel will so notify the Court and the case shall be dismissed with prejudice.  (Appropriate language is set forth in the proposed Order attached hereto to this Motion).

Wherefore, the parties request that this Court approve the proposed Settlement Agreement, and approve of and assist the Parties in implementing the terms of the Settlement Agreement.

Respectfully submitted,

*/s/ Howard B. Hoffman*
Howard B. Hoffman, Esq. (Bar No. 25965)
Scott E. Kraff, Esq. (Bar No. 20899)
Jordan S. Liew, Esq. (Bar No. 20509)
Hoffman Employment Law, LLC
600 Jefferson Plaza, Ste. 204
Rockville, Maryland 20852
301-251-3752
skraff@hoholaw.com
hhoffman@hoholaw.com
jliew@hoholaw.com

Attorneys for Plaintiffs


*/s/ (with permission)*
Jody Maier (Bar. No. 6051)
Aaron J. Turner (Bar No. 29822)
Levin & Gann, P.A.
502 Washington Ave., 8th Floor
Towson, Maryland 21204
410-321-0600
jmaier@levingann.com
aturner@levingann.com

Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of October, 2019, a copy of the foregoing Joint Motion for Approval of FLSA Settlement Agreement, along with all Exhibits and other attachments, was filed via the Electronic Case Filing System (ECF) maintained by the U.S. District Court for the District of Maryland, and is available for viewing and downloading from the ECF system.

 */s/*
Scott E. Kraff